UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MELINGONIS, individually and on behalf of others similarly situated,<br><br>                            Plaintiff,<br><br>v.<br><br>GOLDEN GATE REALTY & INVESTMENTS, INC.,<br><br>                          Defendant. | Case No.:  25-cv-2042-AJB-KSC<br><br>**ORDER ENTERING DEFAULT AGAINST DEFENDANT GOLDEN GATE REALTY & INVESTMENTS, INC.** |

On August 8, 2025, Plaintiff Christopher Melingonis filed his Complaint in this action against Defendant Golden Gate Realty & Investments, Inc. ("Golden Gate"). (Doc. No. 1.) A summons was issued that same day. (Doc. No. 2.) On November 24, 2025, the Court issued an Order to Show Cause ("OSC") requiring Plaintiff to explain why service had not been effectuated within ninety (90) days as required by Federal Rule of Civil Procedure 4(m) and Civil Local Rule 4.1. (Doc. No. 4.)

On December 15, 2025, Plaintiff responded to the OSC. (Doc. No. 5.) The Court found Plaintiff diligent in his attempts to serve his Complaint and extended Plaintiff's deadline to serve Golden Gate. (Doc. No. 6.) The Court required that Plaintiff effectuate service, and file a proof of service on the docket, on or before January 15, 2026. (*Id.*) On January 16, 2026, Plaintiff filed a status update informing the Court that Plaintiff

effectuated service on Golden Gate on or about January 11, 2026. (Doc. No. 7.) Also on January 16, 2026, Plaintiff filed a proof of service indicating that Golden Gate was served on January 12, 2026. (Doc. No. 8.) On February 28, 2026, Plaintiff filed a waiver of service on behalf of Golden Gate which was signed and executed by Timothy J. Silverman of Scheer Law Group. (Doc. No. 9.)

Rule 12 of the Federal Rules of Civil Procedure requires a defendant to serve an answer or otherwise respond to the complaint "within 21 days after being served with the summons and complaint" or "within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1); *see also* Fed. R. Civ. P. 12(b). Here, more than sixty (60) days have passed since Golden Gate was served with the Complaint and executed its waiver of service. (*See* Doc. No. 9.) Yet, Golden Gate has failed to file an answer or otherwise respond to the Complaint. (*See generally* Docket.) Accordingly, the Clerk of Court is **DIRECTED** to enter default against Golden Gate. *See* Fed. R. Civ. P. 55(a). Plaintiff must file a motion for default judgment **no later than thirty days** from the docketing of this Order. *See* CivLR 55.1. Plaintiff is cautioned that a failure to properly move for default judgment will result in the Court dismissing this action with prejudice for failure to prosecute. *See id.*; *see also Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); Fed. R. Civ. Proc. 41(b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision [i.e., Fed. R. Civ. Proc. 41(b)] . . . operates as an adjudication upon the merits.").

**IT IS SO ORDERED**.

Dated:  May 11, 2026

Hon. Anthony J. Battaglia
United States District Judge

2

25-cv-2042-AJB-KSC